# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Case No.

ASHER WALLI, LLC, individually and on
Behalf of all similarly situated,

    Plaintiff,

vs.

FITZGERALD MOTORS, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Fitzgerald Motors, Inc. ("Defendant") hereby removes this action from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, and styled as Case No. 522022CA004186XXCICI (the "State Court Action"), to the United States District Court for the Middle District of Florida, Tampa Division.  In support of removal, Defendant states as follows:

### I.    BACKGROUND

1.    On August 29, 2022, Plaintiff Asher Walli, LLC ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a putative

class action by filing a Class Action Complaint ("Complaint") against Defendant. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On September 1, 2022, Defendant was served with the Complaint. A true and correct copy of the Service of Process and all process, pleadings, and orders in the State Court Action not previously referenced is attached hereto as **Exhibit B**.

3. The Complaint alleges that Defendant sent telephonic sales calls to Plaintiff and putative class members in purported violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 and Senate Bill No. 1120 (Ex. A ¶¶ 1–2).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Defendant.

5. Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II. VENUE

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Pinellas County, Florida, the location where the State Court Action is pending.

## III. JURISDICTION

7.     This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### A.     This Action Meets the "Class Action" Definition Under CAFA

8.     The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

9.     Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("This is a class action. . . .")

10.    Plaintiff also asserts that he seeks to represent a class, defined as:

3

> All persons or entities whose telephone numbers were sent Fitzgerald Motors Text Message Advertisements[1] without Defendant having obtained their PEWC[2].

(Ex. A ¶ 24).

### B.  The Putative Class Exceeds 100 Members

11.  Defendant has submitted a declaration in support of its notice of removal that demonstrates that at least one hundred (100) persons in Florida and/or Florida residents[3] received SMS text messages from Defendant that Plaintiff alleges were sent to solicit goods and/or services after July 1, 2021 and August 29, 2022. (**Exhibit C**, Declaration of Eric Coffey, ¶ 6).

12.  Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[4]

### C.  The Action Meets CAFA's Minimal Diversity Requirement

---

[1] Plaintiff defines this term as text messages sent for the purpose of soliciting a sale of consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes. Ex A., ¶ 2.

[2] Plaintiff defines this acronym as "prior express written consent." Ex A., ¶ 2.

[3] The FTSA contains a rebuttable presumption that a sales call or text made to any number with a Florida area code is made to a Florida resident or to a person in Florida at the time of the call. *See* Fla. Stat. § 501.059(8)(d).

[4] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, Defendant denies that this action ultimately will prove appropriate for class treatment.

13. CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

14. "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *See Sturdivant v. Pella Corp.*, Case No. 516CV614ORL34PRL, 2016 WL 10859784, at *1 (M.D. Fla. Oct. 25, 2016) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). State citizenship, or "domicile" for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain. *See Jones v. L. Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) (citing *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

15. In determining domicile, courts consider both positive evidence and presumptions. *Id.* (citing *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352, 22

L.Ed. 584 (1874). One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id*. The objective facts bearing on an individual's "entire course of conduct" determine domicile for diversity jurisdiction purposes. *Id.* (citing *Stine*, 213 F.2d at 448). No single factor is conclusive; instead, the Court looks to the "totality of evidence." *Id*.

16. Plaintiff alleges that it is a Florida Limited Liability Company and is a citizen of Florida (Ex. A ¶ 9).

17. However, this Court has minimal diversity jurisdiction under CAFA because at least one member of Plaintiff's proposed class is a citizen of a state different from Defendant.

18. Defendant is a citizen of **Florida** because it is a Foreign Profit Corporation incorporated in Florida, with its principal place of business in Clearwater, Florida. *See* Ex. C, Declaration, ¶6. Accordingly, for the required minimal diversity to exist, at least one member of Plaintiff's proposed class must be a ***non-Florida*** citizen.

19. Defendant used a third-party vendor ("Vendor") platform to send the SMS text messages at the center of this action to substantially more than 100 customer's telephone numbers. *Id.* at ¶ 7. Upon information and belief, the same equipment or similar equipment was used to send SMS text messages to the Plaintiff as to the other individuals. *Id*. at ¶ 8.

20. Most phone numbers were for individuals who provided Defendant a permanent residential address in Florida, Florida driver's license, and telephone number with a Florida area code when receiving services, among other information *Id.*, ¶ 9.

21. However, at least one member of Plaintiff's proposed class is a non-Florida resident who received SMS text messages from Defendant, which Plaintiff alleges were sent to solicit a sale of consumer goods or services. *See Id.,*¶ 10.

22. Defendant also used the Vendor platform to send the subject SMS text messages to phone numbers of individuals who provided a non-Florida permanent residential address, non-Florida driver's license and other information supporting the individual maintained citizenship in a state other than Florida. *Id.* Some of those individuals fall within Plaintiff's proposed class definition because their telephone number has a Florida area code (*Id.*,¶¶ 8 (a)-(e)), and the FTSA creates a rebuttable presumption that a "telephonic sales call" made to any area code in Florida is made to a person "in Florida" at the time of the call. *See* Fla. Stat. § 501.059 (8)(d).

23. At least one member of Plaintiff's proposed class is a citizen of a state other than Florida because he or she maintains a non-Florida permanent address and driver's license, which demonstrate an intent to stay in a state other than Florida. Thus, the minimal diversity requirement of CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C. § 1332(d)(1)(D) ("the term 'class members'

means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

### D. This Action Meets CAFA's Amount-in-Controversy Requirement

24. CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

25. The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

26. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

27. Nevertheless, Defendant has submitted a declaration in support of its notice of removal that demonstrates that amount in controversy requirement is satisfied. *See* Ex. C; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.32`d 744, 755 (11th Cir. 2010) (To establish the amount in controversy, "[d]efendants may introduce their own affidavits, declarations, or other documentation[.]"); *id.* at 756 (noting that "declaration by itself" can establish jurisdictional requirement); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 917 (11th Cir. 2014) (agreeing with observation that defendant, in response to motion to remand, should not be required to produce "detailed, sales-record-by-sales-record proof" regarding the amount in controversy).

28. When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

29. To that end, Plaintiff's Complaint seeks declaratory and injunctive relief, statutory damages, and attorneys' fees and costs. (Ex. A, Prayer for Relief). The damages sought by Plaintiff are set forth by the FTSA, which provides for "actual damages or $500, whichever is greater." (Senate Bill No. 1120 (amending

Flat. Stat. § 501.059 (10)(a)). Additionally, if the court finds that the defendant willfully or knowingly violated this the FTSA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under the FTSA. (*id.* (amending Fla. Stat. § 501.059 (10)(b)). The statute of limitations for an FTSA claim is four years, but the FTSA only became effective on July 1, 2021. (Fla. Stat. § 95.11(3)(f))

30. Business records available to Defendant reflect that since the FTSA became effective, substantially more than 10,000 SMS text messages[5] were sent to persons likely in Florida and/or Florida residents regarding Defendant's goods and/or services using the same equipment or type of equipment utilized to call Plaintiff. *See* (Ex. C, Declaration ¶ 12).

31. Since Plaintiff seeks to recover for each class member the maximum statutory damages of $500 for each call, the aggregated sum of alleged statutory damages alone substantially exceeds $5,000,000. See Ex. A.,¶ 35 and Section D in "Wherefore" clause. Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or value" his demand places in controversy and, when taken together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction amount under CAFA. *See* 28 U.S.C. § 1332(d)(2); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir.

---

[5] These are the same texts that Plaintiff alleges are "Text Message Advertisements."

2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

## IV. NOTICE

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

33. A copy of the civil cover sheet is attached hereto.

## V. RESERVATION OF RIGHTS

34. As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action. By removing this action, Defendant does not waive any rights or defenses available under state or federal law. Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Complaint, any and all rights to compel arbitration, and any and all grounds in opposition to class certification. Defendant further reserves the right to amend or supplement this Notice of Removal.

35. No statement in this Notice of Removal should be construed as an admission the Complaint's allegations have merit or are sufficient to state a claim. Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiff or any other putative class member has demanded or is entitled to relief.

## VI.    **CONCLUSION**

WHEREFORE, Fitzgerald Motors, Inc. respectfully requests that this matter be removed to the United States District Court for the Middle District of Florida and that this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

DATED: September 30, 2022.

                                       Respectfully submitted,

                                       By:/s Brandon T. White, Esq.
                                           Brandon T. White
                                           Florida Bar No. 106792
                                           Brandon.white@hklaw.com
                                           HOLLAND & KNIGHT LLP
                                           701 Brickell Avenue Suite 3300
                                           Miami, FL 33131
                                           Tel: (305) 374-8500

                                       ***Attorneys for Fitzgerald Motors, Inc.***

#179016433_v1